# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 94-20665
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS RUIZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-91-27; 94-CV-2391)

November 2, 1995

Before POLITZ, Chief Judge, JOLLY and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:[*]

Jose Luis Ruiz appeals the district court's summary denial of habeas corpus relief[1] on his motions to vacate, set aside, and correct sentence. Finding no abuse of discretion, we affirm.

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1]28 U.S.C. § 2255.

<u>Background</u>

Ruiz was convicted by a jury of conspiracy to possess in excess of five kilograms of cocaine with the intent to distribute and for aiding and abetting its distribution, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 18 U.S.C. § 2. He was sentenced to 292 months of imprisonment, five years of supervised release, a $10,000 fine, and a $100 special assessment. We affirmed the conviction on direct appeal.[2]

Ruiz then filed the instant 28 U.S.C. § 2255 motion which the district court summarily denied without written reasons and without conducting an evidentiary hearing. Ruiz complains that his counsel was ineffective, that the government's conduct in this case was improper, and that the district court erred in summarily denying his section 2255 motion without conducting an evidentiary hearing.

<u>Analysis</u>

<u>Ineffective Assistance of Counsel</u>

Ruiz first contends that his counsel was ineffective for failing to: (1) move for an independent chemical analysis of the seized substance for use in sentencing; (2) challenge on appeal the conversion of the cocaine base to crack cocaine; (3) object to the imposition of a fine; (4) challenge on appeal the amount of drugs; and (5) appeal the district court's refusal to grant a section 3B1.2 reduction for his alleged minor role in the offense.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense.[3] To show **Strickland** prejudice, a defendant must demonstrate that counsel's errors were so serious as

---

[2]**United States v. Ruiz**, No. 91-2917 (5th Cir. Aug. 3, 1992).

[3]**Strickland v. Washington**, 466 U.S. 668 (1984).

to render the result of the trial unreliable or the proceeding fundamentally unfair.[4]  Further, in a sentencing context we have held that "in deciding such an ineffectiveness claim, a court must determine whether there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less."[5]  The court noted "one foreseeable exception to this requirement would be when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing --  such as an automatic increase for a 'career' offender or an enhancement for use of a handgun during a felony -- which would have not occurred but for counsel's error."[6]

Ruiz contends that his counsel was ineffective for failing to secure an independent chemical analysis.  The chemist attested at trial that he analyzed the seized substance and determined that it was cocaine.[7]  Ruiz makes no showing to the contrary, nor does he allege that an independent analysis was available and would have reached a different result.  This complaint is without merit as is the complaint about the conversion of cocaine to the crack cocaine equivalent which was done by the probation officer using the conversion tables in the guidelines.

The claim of ineffectiveness for failure to object to the fine assessed is not cognizable in a section 2255 review.[8]

The claim that counsel was ineffective for failing to challenge on appeal the amount

---

[4]**Lockhart v. Fretwell**,113 S.Ct. 838 (1993).

[5]**Spriggs v. Collins**, 993 F.2d 85, 88 (5th Cir. 1993).

[6]**Id.** at 89 n.4.

[7]In particular, the DEA lab results reflect that there were 35,843.7 grams of cocaine hydrochloride and 4835.2 grams of cocaine base.

[8]**United States v. Segler**, 37 F.3d 1131 (5th Cir. 1994).

of drugs attributable to Ruiz's offense is without merit. Ruiz was convicted of a conspiracy. He is accountable for the foreseeable actions of his co-conspirators. Further, the record reflects that he played an integral role in the conspiracy and appeared to be aware of its scope. The cocaine seized in the Houston apartment appropriately was included in the relevant conduct assessment.

This observation also applies to the complaint that counsel should have appealed the trial court's refusal to grant an offense level reduction because Ruiz played a minor role in the offense. The record does not support that assertion.

Improper Government Conduct

Ruiz maintains that the government was guilty of misconduct in the handling of his case by: (1) threatening to withdraw the plea agreements of certain witnesses if they testified in favor of Ruiz; (2) concealing exculpatory evidence; and (3) the corrupt actions of the prosecutor and defense counsel designed to deprive him of justice. These issues were not raised in the trial court and may not be considered on appeal.[9]

Summary Denial of Section 2255 Motion

Finally, we address Ruiz's contention that the district court erred in denying this section 2255 motion without conducting an evidentiary hearing. "Section 2255 provides that a hearing is required 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"[10] We review such determinations for abuse of discretion.[11] We find that the district court did not abuse its discretion in denying Ruiz's

---

[9]**Varnado v. Lynaugh**, 920 F.2d 320 (5th Cir. 1991).

[10]**United States v. Plewniak**, 947 F.2d 1284, 1290 (5th Cir. 1991), cert. denied, 502 U.S. 1120 (1992).

[11]**United States v. Bartholomew**, 974 F.2d 39 (5th Cir. 1992).

4

motion without holding an evidentiary hearing because the motion, files, and record amply demonstrate that Ruiz is not entitled to relief.

AFFIRMED.